IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH GONZALEZ,

    Petitioner,           No. CIV S-06-0896 FCD DAD P

   vs.

UNKNOWN,

    Respondent.        ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus. Petitioner has not paid the required filing fee of $5.00 or filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Petitioner will be granted thirty days to submit the filing fee or a properly completed in forma pauperis application. Petitioner is cautioned that any in forma pauperis application must be submitted on the form provided with this order and that a prison official must complete the certificate section of the form.

        Petitioner is informed that a federal habeas petition submitted by a state prisoner must substantially follow either the form appended to the federal rules or a form prescribed by a local district-court rule. See Rule 2(d), Fed. R. Governing § 2254 Cases. The petitioner in this case has submitted his habeas petition on an unsigned state habeas form that does not substantially comply with any permissible federal form. The defective petition will be dismissed

1

with leave to file an amended petition on the form provided with this order. All parts of the form must be completed. Petitioner is cautioned that all grounds for relief must be stated on the form and, if necessary, on continuation pages that follow exactly the same format as the form. The supporting facts for each ground for relief must be summarized on the form. The petition form must be signed under penalty of perjury. Petitioner may attach a memorandum of points and authorities in which he sets forth legal arguments, but such a memorandum will not serve as a substitute for any part of the form petition.

Petitioner is informed that a state prisoner seeking habeas corpus relief "must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Fed. R. Governing § 2254 Cases). In this case, petitioner has not named any respondent. In the amended petition, petitioner must name as respondent the warden of the institution where he is currently confined. See Stanley, 21 F.3d at 360.

Petitioner has attached to his petition a request for appointment of counsel. There currently exists no absolute right to appointment of counsel in federal habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Counsel may be appointed at any stage of a federal habeas proceeding "if the interests of justice so require." 18 U.S.C. § 3006A. See also Rule 8(c), Fed. R. Governing § 2254 Cases. The court does not find that the interests of justice require appointment of counsel in this case at the present time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, either the $5.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order. If petitioner needs additional time to comply with this order, petitioner must request additional time before the thirty-day period ends. Petitioner's failure to comply with this order may result in a recommendation that this action be dismissed.

/////

2. Petitioner's habeas corpus petition is dismissed with leave to file an amended petition within thirty days from the date of this order. The amended petition must be filed on the form provided with this order, must name as respondent the warden of the institution where petitioner is confined, and must be signed under penalty of perjury. The amended petition must bear the case number assigned to this action and must be labeled "Amended Petition." If petitioner needs additional time to comply with this order, petitioner must request additional time before the thirty-day period ends. Petitioner's failure to comply with this order may result in a recommendation that this action be dismissed.

3. The motion for appointment of counsel attached to the petition filed April 26, 2006, is denied.

5. The Clerk of the Court is directed to send petitioner a habeas corpus petition form along with the appropriate form application to proceed in forma pauperis.

DATED: May 2, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
gonz0896.101a+115